2026 IL App (1st) 252223-U

No. 1-25-2223

Order filed July 30, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| TONY COLE, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 23 M1 108836 |
| | ) | |
| JIN LEE, | ) | Honorable |
| | ) | Kerrie Maloney Laytin, |
| Defendant-Appellee. | ) | Judge Presiding. |

PRESIDING JUSTICE NAVARRO delivered the judgment of the court.
Justices Ocasio and Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We strike appellant's brief and dismiss his appeal for violating Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020).

¶ 2    Following a simultaneous bench and jury trial, the jury found in favor of defendant, Jin Lee, and against plaintiff, Tony Cole, on three counts, and the trial court found in favor of Lee and against Cole on two counts. The court subsequently entered judgment on all five counts in Lee's favor. Cole *pro se* now appeals that judgment contending that the court erred by: (1) trying two of

those counts in a bench trial rather than submitting them to the jury; (2) restricting his presentation of the case; and (3) conducting a simultaneous bench and jury trial. For the reasons that follow, we strike Cole's brief and dismiss his appeal.

¶ 3                                    I. BACKGROUND

¶ 4     This case concerns a mixed-use property located at 1205 North Milwaukee Avenue in Chicago that, for a time, Lee owned and Cole leased. In 2022 and 2023, Lee attempted to evict Cole twice, but, in both actions, the circuit court dismissed the eviction actions against Cole. In April 2023, based on Lee's attempts to evict Cole, Cole sued Lee *pro se* in small claims court, raising various causes of action. In December 2023, while the litigation was ongoing, Lee sold the property to 1205 Milwaukee LLC. Several months later, 1205 Milwaukee LLC initiated eviction proceedings against Cole and ultimately evicted him.

¶ 5     In January 2025, Cole filed an amended *pro se* complaint, raising five causes of action: wrongful eviction, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of the implied covenant of quiet enjoyment, and a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Consumer Fraud Act) (815 ILCS 505/1 *et seq.* (West 2022)). As a result, Cole sought $9,500 in compensatory damages, punitive damages and other relief.

¶ 6     On May 12 and 13, 2025, the trial court conducted a simultaneous bench and jury trial. Cole's causes of action for wrongful eviction and a violation of the Consumer Fraud Act were heard by the court, and his remaining causes of action were heard by the jury. Following the presentation of evidence, the court bifurcated closing arguments, allowing the parties to present argument on the three jury counts to the jury. After closing arguments, the jury found in favor of Lee and against Cole on all three counts. The court subsequently entered judgment for Lee and

against Cole on those three counts, and it continued the matter for closing arguments on the two bench trial counts.

¶ 7 On May 29, 2025, the parties gave their closing arguments on the two bench trial counts. Thereafter, the court found in favor of Lee and against Cole on both, and entered judgment for Lee and against Cole on both. Cole subsequently filed a motion to vacate judgment on all five counts, alleging judicial error, procedural unfairness, discovery obstruction and the denial of his right to a fair trial. After briefing on Cole's motion, the court denied it.

¶ 8 This appeal follows. We note that Lee has not filed an appellee's brief in this matter. Nevertheless, because the record is straightforward and the appeal can be resolved without the benefit of an appellee's brief, we decide the appeal based on Cole's brief and the record alone. See *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 9                                                    II. ANALYSIS

¶ 10 In this appeal, Cole contends that the trial court improperly denied him a jury trial on his wrongful eviction and Consumer Fraud Act causes of action, unfairly limited his presentation of his case and that the structure of his trial, as a simultaneous bench and jury trial, resulted in structural error that demands reversal.

¶ 11 Before we can consider the merits of Cole's contentions, we observe that several of his citations to authorities are incorrect, including attributing propositions to authorities that those authorities simply do not support. For example, citing to *Avery v. State Farm Mutual Automobile Insurance Co.*, 216 Ill. 2d 100 (2005), Cole asserts that claims under the Consumer Fraud Act that seek damages are legal claims triable to a jury. However, *Avery* contains no support for that proposition. Additionally, citing to *People ex rel. Daley v. Datacom Systems Corp.*, 146 Ill. 2d 1

(1991), Cole asserts that where legal and equitable issues are joined, the legal issues must be tried to a jury. *Datacom* likewise contains no support for that proposition.

¶ 12    In addition to attributing propositions to authorities that those authorities do not support, Cole also cites to multiple cases with incorrect citations. For example, he cites to "*Stephens v. Kasten*, 334 Ill. App. 3d 1004," but the citation does not correspond to *Stephens*. While *Stephens* is a case, it is a supreme court decision. See *Stephens v. Kasten*, 383 Ill. 127 (1943). And page 1004 of volume 334 of the Illinois Appellate Reports, Third Series, contains a criminal case. See *People v. Lewis*, 334 Ill. App. 3d 993, 1004 (2002). Additionally, Cole cites to "*In re Estate of Mulvaney*, 288 Ill. App. 3d 464," but the citation does not correspond to *Mulvaney*. While *Mulvaney* is a case, it begins on page 133 of volume 128 of the Illinois Appellate Reports, Third Series. See *In re Estate of Mulvaney*, 128 Ill. App. 3d 133 (1984). Page 464 of volume 288 of the Illinois Appellate Reports, Third Series, contains a criminal case. See *People v. Lambert*, 288 Ill. App. 3d 450, 464 (1997). Similar issues arise with Cole's citations to "*Kaiser v. MEPC American Properties, Inc.*, 164 Ill. 2d 274" and "*Harris Trust & Savings Bank v. Chicago College of Osteopathic Medicine*, 116 Ill. 2d 145." These examples represent only the issues appearing in the first of three argument subsections of Cole's brief.

¶ 13    "A reviewing court is entitled to have the issues clearly defined and supported by pertinent authority and cohesive arguments; it is not merely a repository into which an appellant may dump the burden of argument and research, nor is it the obligation of this court to act as an advocate or seek error in the record." (Internal quotation marks omitted.) *U.S. Bank v. Lindsey*, 397 Ill. App. 3d 437, 459 (2009). Under Illinois Supreme Court Rule 341(h)(7) (eff. Oct. 1, 2020), an appellant's brief must contain argument "with citation of the authorities." Implicit in this requirement is that citations to authority be accurate. See *Strong v. Zubha Pop Foods LLC*, 2026 IL App (1st) 242451-

U, ¶¶ 15-16. Although Cole is a *pro se* appellant, that does not absolve him from following our supreme court rules. *People v. Shunick*, 2024 IL 129244, ¶ 64. Nor does that fact entitle him to more leniency. *Id.*

¶ 14    When an appellant fails to comply with Rule 341, the appellate court can strike his brief and dismiss his appeal. See *Strong*, 2026 IL App (1st) 242451-U, ¶ 23 (citing cases). Cole's repeated inaccuracies in this case have prevented meaningful review of his contentions of error and improperly shifted the burden of legal research onto this court. Not only has Cole violated Rule 341 in the instant case, but he has also violated Rule 341 in several other cases before this court. See *1205 Milwaukee LLC v. Cole*, 2026 IL App (1st) 252575-U, ¶ 60; *1205 Milwaukee LLC v. Cole*, 2025 IL App (1st) 241434-U, ¶ 21; *Cole v. Yang*, 2025 IL App (1st) 241879-U, ¶¶ 25-26; *Cole v. McLeod*, 2025 IL App (1st) 241414-U, ¶¶ 17-18; *Cole v. Lee*, 2025 IL App (1st) 241231-U, ¶ 13; *Cole v. Yanoff*, 2025 IL App (1st) 241230-U, ¶ 16; *Cole v. Yanoff*, 2025 IL App (1st) 241017-U, ¶¶ 13-14; *Cole v. Yang*, 2024 IL App (1st) 240169-U, ¶ 11. What is more, in *1205 Milwaukee*, 2025 IL App (1st) 241434-U, ¶ 21 and *McLeod*, 2025 IL App (1st) 241414-U, ¶ 20, this court struck Cole's opening briefs and dismissed his appeals for the Rule 341 violations.

¶ 15    While striking an appellant's brief and dismissing his appeal are drastic consequences (see *Hall v. Naper Gold Hospitality LLC*, 2012 IL App (2d) 111151, ¶ 15), Cole's violations of Rule 341 in this case, particularly when considered alongside his prior Rule 341 violations, warrant the striking of his brief and dismissal of his appeal. See *Ammar v. Schiller, DuCanto & Fleck, LLP*, 2017 IL App (1st) 162931, ¶¶ 15-20. Accordingly, we strike Cole's brief and dismiss his appeal.

¶ 16                                    III. CONCLUSION

¶ 17    For the foregoing reasons, we strike Cole's brief and dismiss his appeal.

¶ 18    Appeal dismissed.